IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
4:12-CR-50-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| WILLIAM WADE CHERRY, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 3 April 2012 with: possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 1); and possession of a firearm (*i.e.*, a sawed-off shotgun) that was not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (ct. 2). The alleged offense date in each count is 6 September 2011.

The evidence presented at the hearing showed that on the alleged offense date defendant and his girlfriend were involved in a violent, verbal altercation with another person in connection with the person's having the daughter of defendant and his girlfriend in the person's home. Defendant had his hands taped as if for a fist fight. The police located a knife on the floorboard of his car. Defendant admitted that he had a rifle and marijuana at his home, which the authorities located there along with a digital scales and baggies. Defendant made recorded telephone calls from the jail where he was incarcerated to his girlfriend and his grandparents' home about hiding other guns, including a shotgun a portion of whose barrel he said he had sawed off. In response, his grandfather hid the firearms in question in the woods behind his home. The police subsequently recovered these firearms, which are the subject of the indictment. At the time of these events, defendant was on state probation.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including their alleged commission while defendant was on probation, the multiplicity of the firearms involved, defendant's having sawed off the barrel of one of the shotguns, and defendant's efforts to secrete the firearms; defendant's criminal record, including 3 felony convictions, 8 misdemeanor convictions, probation revocations in 4 cases, and commission of 4 offenses for which he has been convicted while on probation (all told, defendant failed to successfully complete probation every time he was placed on it, except with respect to his first offense); the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to

the absence of the proposed custodian from home on a regular basis for fulltime work, the presence of minors in the proposed custodial home, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant has not engaged in offense conduct since in or about September 2011, he has been incarcerated since that time, specifically, 26 September 2011, when his probation was revoked. While defendant would be on state supervision as well as federal supervision if he were released, he has a history of violating state supervision. For the reasons stated, the court finds that federal supervision, even with state supervision, would not reasonably address the risk of danger he presents.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 3rd day of April 2013.

James E. Gates
United States Magistrate Judge